The Honorable Jim Barone State Senator, 13th District State Capitol, Room 504-N Topeka, Kansas 66612-1504
Dear Senator Barone:
You request our opinion regarding 1999 Senate Bill No. 283 (S.B. 283), which amends K.S.A. 1998 Supp. 25-4169a to clarify that its provisions prohibiting use of public property to "expressly advocate the nomination, election or defeat of a clearly identified candidate to state office or local office" do not apply to the use of facilities for the holding of public forums, debates or events to which all candidates have "equal access." The bill also would create a new provision to bring unified school districts having fewer than 35,000 pupils under the same limitations imposed by K.S.A. 1998 Supp. 25-4169a. You question whether the lack of definitions in the bill for these quoted phrases causes the bill to be unconstitutionally vague.
The issue of vagueness in campaign finance legislation having criminal penalties was discussed in Buckley v. Valeo.[1]
After acknowledging that "neither the right to associate nor the right to participate in political activities is absolute,"[2]
the Court set forth the test for determining whether a provision limiting First Amendment associational rights is sufficiently clear:
 "Close examination of the specificity of the statutory limitation is required where, as here, the legislation imposes criminal penalties in an area permeated by First Amendment interests. (Citations omitted.) The test is whether the language of § 608(e)(1) affords the `(p)recision of regulation (that) must be the touchstone in an area so closely touching our most precious freedoms.' NAACP v. Button, 371 U.S., at 438, 83 S.Ct., at 340."[3]
The Court then interpreted the section of the Federal Election Campaign Act before it in such a way as to "preserve [it] against invalidation on vagueness grounds,"[4] and in doing so construed the phrase "any expenditure . . . relative to a clearly identified candidate" to apply only to "expenditures for communications that in express terms advocate the election or defeat of a clearly identified candidate for federal office."[5] In a footnote, the Court further explained what it meant by "expressly advocate the election or defeat of a clearly identified candidate":
 "This construction would restrict the application of § 608(e)(1) to communications containing express words of advocacy of election or defeat, such as `vote for,' `elect,' `support,' `cast your ballot for,' `Smith for Congress,' `vote against,' `defeat,' `reject.'"[6]
The Federal Election Campaign Act was subsequently amended to reflect the Court's decision in Buckley.[7]
While the phrase "expressly advocate the nomination, election or defeat of a clearly identified candidate" is not defined within the bill itself, it is defined in the Campaign Finance Act.[8]
K.S.A. 1998 Supp. 25-4143 provides in part:
 "(h) `Expressly advocate the nomination, election or defeat of a clearly identified candidate' means any communication which uses phrases including, but not limited to:
"(A) `Vote for the secretary of state';
"(B) `re-elect your senator';
"(C) `support the democratic nominee';
 "(D) `cast your ballot for the republican challenger for governor';
"(E) `Smith for senate';
"(F) `Bob Jones in `98';
"(G) `vote against Old Hickory';
 "(H) `defeat' accompanied by a picture of one or more candidates; or
"(I) `Smith's the one.'"
K.S.A. 1998 Supp. 25-4169a is specifically made a part of the Campaign Finance Act by K.S.A. 25-4142. While it is not apparent in S.B. 283 in its current form that Section 2 of the bill will also be a part of and supplemental to the Campaign Finance Act, we presume that is the intention of the Legislature and that, if passed, it will be made clear in the bill that Section 2 is to be a part of the Campaign Finance Act. That being the case, the definitions in K.S.A. 1998 Supp. 25-4143 will be applicable to the bill's provisions.
In our opinion, the definition of "expressly advocate the nomination, election or defeat of a clearly identified candidate" found in K.S.A. 1998 Supp. 25-4143(h) affords sufficient precision to withstand a challenge on the grounds of vagueness. The phrase itself is very similar to that which the Court found acceptable inBuckley, and the definition of the phrase is along the lines of what the Court expressed as acceptable in its footnote.[9]
Further, we do not believe the Court would find the phrase "equal access" objectionable in this context, even absent a definition for the phrase. We believe persons subject to the law would understand that if the property in question is used for forums, debates or events in a way that affords all candidates an opportunity to share equally in its usage (e.g. no candidate is barred from participation), its provisions are not violated.[10]
In conclusion, use of the terms "expressly advocate the nomination, election or defeat of a clearly identified candidate" and "equal access" in 1999 Senate Bill No. 283 does not render the bill unconstitutionally vague.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976).
[2] Id., 424 U.S. at 25, 96 S.Ct. at 638.
[3] Id., 424 U.S. at 41, 96 S.Ct. at 645.
[4] Id., 424 U.S. at 43-44, 96 S.Ct. at 646-647.
[5] Id.
[6] Id., at n. 52.
[7] 2 U.S.C.A. § 431(17), (18) (West 1997).
[8] K.S.A. 25-4142 et seq.
[9] See Federal Election Commission v. Furgatch,807 F.2d 857 (9th Cir. 1987), cert. den. 484 U.S. 850, 108 S.Ct. 151,98 L.Ed.2d 106 (1987).
[10] See Broadrick v. Oklahoma, 413 U.S. 601, 608,93 S.Ct. 2908, 2913-2914, 37 L.Ed.2d 830 (1973).